On petitioner - cross-respondent's petition for reconsideration filed February 29, reconsideration allowed; former opinion (246 Or App 702, 268 P3d 671 (2011)) modified and adhered to as modified May 2, 2012

In the Matter of the Compensation of
Carla McCoy (Morgan), Claimant.

DEPARTMENT OF CONSUMER AND
BUSINESS SERVICES,
*Petitioner*
*Cross-Respondent,*

*v.*

ZURICH AMERICAN
and Northwest Staffing Services,
*Respondents*
*Cross-Petitioners,*

*and*

SEDGWICK CLAIMS MANAGEMENT SERVICES
and On-Time Delivery,
*Respondents.*

Workers' Compensation Board
0605131, 0600028NC; A142315

283 P3d 357

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, for petition.

Before Armstrong, Presiding Judge, and Haselton, Chief Judge, and Duncan, Judge.

ARMSTRONG, P. J.

.

## ARMSTRONG, P. J.

The Department of Consumer and Business Services (DCBS) seeks reconsideration of our opinion in *DCBS v. Zurich American*, 246 Or App 702, 268 P3d 671 (2011), contending (1) that we were wrong to conclude that the worker-leasing company, Northwest Staffing Services (NW Staffing), was the proper employer for the director's noncompliance determination and (2) that our conclusion, in *dictum*, that the director had authority under ORS 656.307(3) to order Zurich American (Zurich) to reimburse Sedgwick Claims Management Services (Sedgwick) for the costs that Sedgwick had incurred in processing claimant's claim should have led us to reverse rather than affirm the board's order that rejected such a reimbursement.

DCBS has not offered any argument that is an appropriate reconsideration argument on the central issue in this case—*viz.*, whether On-Time Delivery (On-Time) and the company from which it leased workers, NW Staffing, could simultaneously be noncomplying employers. In fact, DCBS has not chosen to address the analysis that led us to conclude that only NW Staffing could be a noncomplying employer in this case. DCBS's persistent thesis is that both a worker-leasing company and its client are noncomplying employers whenever the requirements imposed by ORS 656.017 and ORS 656.407 have not been met by either of them. We explained at some length in our opinion why the applicable statutes contradict that thesis. 246 Or App at 712 n 12.

For example, ORS 656.850(3) relieves a worker-leasing company of the obligation to comply with ORS 656.017 and ORS 656.407 for the workers that it leases to a client if the client "has proof of coverage on file with the director that extends coverage to subject workers employed by the client and any workers leased by the client." In other words, in that circumstance, the worker-leasing company is relieved of the statutory obligation to comply with the proof of coverage requirements *for its subject workers* who have been leased to the client; only the client has to fulfill that obligation.

The statute goes on to provide that, "[i]f the client allows the coverage to expire and continues to employ subject

workers or has leased workers, [then] the client shall be considered a noncomplying employer unless the worker leasing company has" provided notice to the director that it is providing workers to the client and workers' compensation coverage for those workers. ORS 656.850(3), (5). That provision would be superfluous if DCBS were correct about the operation of the statutes. According to its thesis, the client has an unvarying and independent obligation to comply with ORS 656.017 and ORS 656.407 for its subject workers without regard to whether it is a client of a worker-leasing company. Hence, it would not be necessary for ORS 656.850(3) to provide, as it does, that *the client* will be considered to be a noncomplying employer for *its* subject workers if the client allows its workers' compensation coverage to lapse while it is a client of a worker-leasing company.[1]

In a related vein, ORS 656.850(5) requires a worker-leasing company to give notice to the director if it is providing workers to a client and workers' compensation coverage for those workers. However, if, as provided by ORS 656.850(3), the client provides workers' compensation coverage for the leased workers, then the worker-leasing company does *not* have the obligation to provide coverage for them and does *not* have to comply with the proof of coverage requirements for those workers. If the client allows the coverage for those workers to lapse, then the client will be considered to be a noncomplying employer for those workers, that is, for workers for which it is *not* a subject employer, and the worker-leasing company will *not* be a noncomplying employer for them, because it did *not* undertake to provide workers' compensation coverage for them. The client undertook that responsibility, and, concomitantly, it is the client, not the worker-leasing company, that is obligated to comply with

---

[1] Conversely, if the worker-leasing company provides notice to the director under ORS 656.850(5) that it is providing leased workers to the client and workers' compensation coverage for them, then the client will *not* be considered to be a noncomplying employer. In other words, the client's status as a noncomplying employer would not depend, as DCBS contends, on its compliance with ORS 656.017 and ORS 656.407 because the notice provided by the worker-leasing company to the director would prevent the client from "be[ing] considered to be a noncomplying employer" even though the client has subject workers and has allowed its workers' compensation coverage for them to expire.

ORS 656.017 and ORS 656.407 for those workers. *See* ORS 656.850(3).

Finally, DCBS asserts in its reconsideration petition that, consistently with its understanding of the statutes, Zurich, not DCBS, should be required to pay On-Time's attorney fees in this proceeding because On-Time proved that, pursuant to ORS 656.850(3), Zurich, as NW Staffing's insurer, provided workers' compensation coverage for On-Time's subject workers. DCBS's position on that point further illustrates the fundamental flaw in its analysis. ORS 656.740(6)(b) requires an insurance company to pay a non-complying employer's attorney fees if the insurer failed to fulfill its independent obligation under ORS 656.419 to timely file proof of coverage of the noncomplying employer's subject employees. Zurich did *not* have a contract with On-Time to provide workers' compensation coverage for On-Time's subject employees, and *it did not fail* to fulfill its obligation under ORS 656.419 to file proof of coverage for On-Time's employees.

Zurich did have a contract with NW Staffing, and nothing in the record suggests that Zurich failed to file proof of coverage under its insurance contract with NW Staffing. Therefore, had the director issued a noncomplying employer order against NW Staffing—rather than On-Time—and NW Staffing been found to be a noncomplying employer— because it did not satisfy, by filing the required notice under ORS 656.850(5) or otherwise, the requirements imposed by ORS 656.017 and ORS 656.407 for On-Time's subject workers—Zurich would not have been required to pay NW Staffing's attorney fees in that proceeding. That is so because NW Staffing would not be able to prove that *Zurich* had failed to fulfill *its* obligation under ORS 656.419 to timely file proof that it provided insurance coverage for the employees for whom NW Staffing was required to provide workers' compensation coverage. In other words, the only party that could have failed to fulfill its statutory obligations in this context is NW Staffing. It makes no sense to impose on Zurich or anyone else any liability for NW Staffing's failures.

In summary, as we explained in our opinion, the workers' compensation coverage requirement and the concomitant obligation to comply with ORS 656.017 and ORS

656.407 for a client's leased and subject employees are imposed on the worker-leasing company or the client, depending on the circumstances, but not on both of them.

The only argument that DCBS advances on reconsideration that we did not expressly reject in our opinion—*viz.*, that our decision "unnecessarily burdens [DCBS's] ability to enforce the statutory obligations of subject employers and thereby undermines the efficient administration of the workers' compensation program"—is one that should more properly be addressed to the legislature rather than to us in a petition for reconsideration. Moreover, the purported burden does not withstand scrutiny. It appears that the only change that the director would have to make in enforcing the law against noncomplying employers is to ask employers whether they have leased workers and, if they do, whether the employer has filed with the director proof of workers' compensation coverage for the employer's leased and subject workers. The answers to those questions (which could easily be verified) would determine whether the noncomplying employer order should be issued to the employer or to its worker-leasing company.

With regard to the second issue raised by DCBS in its reconsideration petition, *viz.*, the director's authority to order reimbursement between Zurich and Sedgwick, we conclude that we erred in concluding that the director has authority under ORS 656.307 to order such a reimbursement. The ALJ concluded in her order that, "[b]ecause Zurich is responsible for the claim, it must assume responsibility for the claim and provide reimbursement *pursuant to ORS 656.054.*" (Emphasis added.) Zurich appealed the ALJ's order—which, under ORS 656.740(5)(a),[2] was the director's final order—to the board, arguing that there was no legal basis for the director to order that reimbursement. Although the board agreed with the ALJ's responsibility conclusion, it

---

[2] ORS 656.740(5)(a) provides:

"Notwithstanding ORS 183.315 (1), * * * orders declaring a person to be a noncomplying employer or the assessment of civil penalties pursuant to this chapter, the conduct of hearings and the judicial review thereof shall be as provided in ORS chapter 183, except that:

"(a) The order of an Administrative Law Judge in a contested case shall be deemed to be a final order of the director."

reversed the director's order that required Zurich to reimburse Sedgwick pursuant to ORS 656.054. The board went on to propose that the director might have authority to order such a reimbursement—*viz.*, one directly between two insurers—pursuant to ORS 656.307, notwithstanding that none of the parties had argued to the board that ORS 656.307, rather than ORS 656.054, applied.

DCBS sought judicial review of the board's order, contending, contrary to the board's reimbursement conclusion, that the director *had* authority to order the reimbursement under ORS 656.054 and that

"[t]he board relied on an inapplicable statute in reversing the ALJ's order requiring Zurich to reimburse the Fund. ORS 656.307 does [not] compel reversal. Indeed, it has no relevance to this case at all. * * *

"[ORS 656.307] was not the basis of the ALJ's order here. This case did not present facts requiring the application of ORS 656.307."

(Record citations omitted.)

We flatly rejected DCBS's contention that ORS 656.054 gave the director authority to order the responsible insurer of an alleged noncomplying employer to reimburse the assigned claims agent. 246 Or App at 715. However, we went on to consider the board's alternative source of authority for the director to order reimbursement between the insurers—ORS 656.307. We conclude that we erred in doing that. *See, e.g., Speciality Risk Services v. Royal Indemnity Co.*, 213 Or App 620, 631, 164 P3d 300 (2007) (concluding that ORS 656.307(3) does not provide authority for director to order reimbursement between insurers outside the context of a responsibility proceeding under ORS 656.307(1) and, hence, that ORS 656.307 does not constitute an administrative remedy that replaced the insurer's civil restitution remedy against another insurer for compensation benefits paid by former insurer that should have been paid by the latter).

Therefore, we modify our original opinion by deleting from it the following passage at 246 Or App at 715-16, 715 n 15:

"Rather, in the context of a responsibility determination among insurers, ORS 656.307(3) provides, as relevant, that,

" '[w]hen a determination of the responsible paying party has been made, the director shall direct any necessary monetary adjustment between the parties involved. Any monetary adjustment not reimbursed by an insurer or self-insured employer shall be recovered from the Consumer and Business Services Fund.'

"That provision is the source of the director's authority to make any necessary monetary adjustments between the responsible insurer of an alleged noncomplying employer and the assigned claims agent for the costs that the latter has incurred in processing a referred claim.[15] Accordingly, although Zurich is responsible for claimant's claim, the board correctly concluded that it lacked the authority to order Zurich to reimburse Sedgwick for the costs that Sedgwick had incurred in processing claimant's claim."

---

"[15] DCBS's argument that Sedgwick is merely an assigned claims agent and not an insurer for purposes of the Workers' Compensation Law, including ORS 656.307(3), is directly contradicted by the statutory definition of 'insurer' in ORS 656.005(14), which is 'the State Accident Insurance Fund Corporation or an insurer authorized under ORS chapter 731 to transact workers' compensation insurance in this state or *an assigned claims agent selected by the director under ORS 656.054.*' (Emphasis added.)"

Reconsideration allowed; former opinion modified and adhered to as modified.